UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NICOLE MARIE JOYNER,**

**Plaintiff,**

**v.** **Case No. 6:25-cv-2494-CEM-DCI**

**UNITED STATES OF AMERICA, FBI, U.S. CAPITOL POLICE, JANUARY 6 COMMITTEE, UNKNOWN FEDERAL AGENTS, and DOE DEFENDANTS,**

**Defendants.**
____________________________________/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1) and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("Motion," Doc. 2). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 7), recommending that the Motion be denied and the Complaint be dismissed without prejudice. (*Id.* at 4). Plaintiff filed a document titled "Plaintiff's Objections to Magistrate Judge's Report and Recommendation . . . and Renewed Motion for Reasonable Disability Accommodations Under the Rehabilitation Act" (Doc. 10), which will be construed as an Objection to the R&R and a Motion to for Reasonable

Accommodations. In the future, requests for relief from the Court shall be filed as separate motions.

## I. OBJECTIONS TO THE R&R

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff objects to the recommendation that the Complaint be dismissed as a shotgun pleading and to the denial of her request for accommodations. (Doc. 10 at 1). To the extent Plaintiff's Objection argues that Plaintiff is entitled to accommodations, this argument was not before the Magistrate Judge when the R&R was issued. (*See generally* Doc. 1; Doc. 2). Thus, the Court declines to consider Plaintiff's argument regarding accommodations upon review of the R&R. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (explaining that upon review of a report and recommendation "a district court has discretion to decline to

consider a party's argument when that argument was not first presented to the magistrate judge.").

The Court has reviewed and considered Plaintiff's Objections to the R&R on a *de novo* basis and finds they lack merit. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted and the R&R is incorporated herein by reference. *See Williams v. Omega Labs. Inc.*, 2026 WL 1847300, at *2 (11th Cir. June 26, 2026) (holding that a district court need not "restate what was already detailed" by the Magistrate Judge and adopted into the order).

## II. MOTION FOR REASONABLE ACCOMMODATIONS

To the extent Plaintiff's filing is a motion requesting accommodations, it fails to comply with Local Rule 3.01(b), which requires a legal memorandum in support of all motions. *See Ramchandani v. Sanghrajka*, No. 22-11701, 2022 U.S. App. LEXIS 30144, at *4 (11th Cir. Oct. 31, 2022) (holding that a plaintiff's "*pro se* status did not excuse her from complying with the court's order or local rules").

Nevertheless, the Court will briefly address these requests. First, Plaintiff's request for "plain-language assistance" amounts to a request for legal advice from the Court, which is prohibited. *McWilliams v. EEOC*, No. 8:25-cv-03445-AAS, 2026 U.S. Dist. LEXIS 41641, at *1 (M.D. Fla. Mar. 2, 2026) (collecting cases). Second, Plaintiff's request for "at least 30 additional days (or more as needed)" of any

deadline is not feasible. Plaintiff may request an extension on a deadline-by-deadline basis if she can show good cause for each extension. Third, Plaintiff's request that she be permitted to use "AI-assisted drafting support" is unnecessary. This Court does not prohibit the use of AI, but as recognized by Plaintiff, she "retain[s] full responsibility for review, certification, and filing," including the responsibility to ensure all cases and laws cited by AI actually exist. *See Williamson v. TransUnion LLC*, No. 25-13045, 2026 U.S. App. LEXIS 12852, at *4 (11th Cir. May 4, 2026) (upholding sanctions against a pro se party for, among other things, "repeated citation to nonexistent cases and misquotation and misrepresentation of cases and holdings").

Fourth, Plaintiff requests that the Court appoint counsel or provide her legal assistance. As noted above, the Court is not allowed to provide Plaintiff with legal assistance. Plaintiff has also not shown that she should be appointed counsel. "A plaintiff in a civil case has no constitutional right to counsel." *Watkins v. Broward Sheriff's Office*, 771 F. App'x 902, 906 (11th Cir. 2019) (quoting *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Appointment of counsel in a civil case is appropriate only in exceptional circumstances." *Id.* Plaintiff has not established that such circumstances exist here.

Finally, Plaintiff references the Federal Bar Association's Legal Information Program. It is not entirely clear, but Plaintiff appears to be complaining about the

limited availability of free legal help under this program. As explained in the brochure, this program "is not affiliated with or related to the United States District Court of the Middle District of Florida," and is, instead, a program managed by the Federal Bar Association and staffed by volunteers. https://www.flmd.uscourts.gov/legal-information-program. The Court has no authority to alter this program.

## III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection and Renewed Motion for Disability Accommodations (Doc. 10) is **OVERRULED** insofar as it objects to the R&R and **DENIED** insofar as it requests affirmative relief.
2. The Report and Recommendation (Doc. 7) is **ADOPTED** and made a part of this Order.
3. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.
4. The Complaint (Doc. 1) is **DISSMISSED without prejudice**.
5. **On or before September 8, 2026**, Plaintiff may file an amended complaint and a renewed motion to proceed *in forma pauperis* that corrects the deficiencies set forth in the Report and Recommendation. Failure to do so will result in the closure of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party